UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LAWRENCE ELLIOTT COTTLE, | ) | 1:12-cv-00961-GSA-PC |
| | ) | |
| Plaintiff, | ) | SCREENING ORDER |
| | ) | |
| vs. | ) | ORDER DISMISSING COMPLAINT |
| | ) | FOR FAILURE TO STATE A CLAIM, |
| D. RANDALL, et al., | ) | WITH LEAVE TO AMEND |
| | ) | (Doc. 1.) |
| | ) | |
| Defendants. | ) | THIRTY DAY DEADLINE TO FILE |
| | ) | FIRST AMENDED COMPLAINT |
| _____ | ) | |

## I.      BACKGROUND

Lawrence Elliott Cottle ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on June 14, 2012.  (Doc. 1.)  The Complaint is now before the Court for screening.

## II.      SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

1

1    A complaint is required to contain "a short and plain statement of the claim showing that the
2    pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required,
3    but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,
4    do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic
5    Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)). While a plaintiff's allegations are taken
6    as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572
7    F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Plaintiff must set forth
8    "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal
9    556 U.S. at 678. While factual allegations are accepted as true, legal conclusions are not. Id.

10    To state a viable claim for relief, Plaintiff must set forth sufficient factual allegations to state a
11    plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969
12    (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

13    **III.    SUMMARY OF COMPLAINT**

14    Plaintiff is presently incarcerated at the California Substance Abuse Treatment Facility in
15    Corcoran, California. The events at issue in the Complaint allegedly occurred at the California
16    Correctional Institution in Tehachapi, California, while Plaintiff was incarcerated there. Plaintiff names
17    as defendants Lieutenant D. Randall, Sergeant G. Doser, Associate Warden T. W. Steadman, and Chief
18    Deputy Warden K. Holland (collectively "Defendants"). Plaintiff's factual allegations follow.

19    On June 17, 2010, during recreational yard recall, a group disturbance ensued involving several
20    inmates fighting. When the fighting erupted, Plaintiff was stationery in the staging area for his building.
21    When Plaintiff heard "Get down," he immediately headed to the concrete area directly in front of him
22    and got down. Following the disturbance, some of the African-American inmates were placed in
23    restraints and escorted off the yard to be strip searched and medically evaluated to determine if they were
24    involved in the disturbance. Plaintiff was medically evaluated and cleared, with no injuries, redness,
25    or swelling anywhere on his body.

26    All of the African-American inmates escorted off the yard were subsequently placed in
27    administrative segregation ("Ad-Seg") and their personal property was confiscated pending

28                                    2

1   investigation.  Plaintiff remained in Ad-Seg for more than five months, from June 17, 2010 to November
2   30, 2010.

3          On July 8, 2010, Plaintiff was issued a Rules Violation Report ("RVR") for participating in a
4   riot, which stated that he was observed striking other inmates in the head and upper torso based on a
5   review of a yard video recording the riot.  Officer J. Duran (not a defendant) was assigned as an
6   investigative employee for Plaintiff.  On July 13, 2010, Officer Duran questioned Sergeant G. Doser to
7   identify who Plaintiff was observed fighting with during the disturbance.  Doser responded, "I would
8   have to review the tape."  (Cmp., Doc. 1 at 4 ¶9.)  Doser never returned with an answer.

9          On July 17, 2010, a disciplinary hearing was conducted by Lieutenant Randall.  The core
10  evidence relied upon to implicate Plaintiff was the yard recording and the alleged observation by Sgt.
11  Doser of Plaintiff striking other inmates in the video.  In light of this fact, Plaintiff requested that Sgt.
12  Doser be present at his hearing and that the video be present as exculpatory evidence.  Sgt. Doser was
13  present at the hearing; however, Senior Officer Lt. Randall refused to allow the video to be present.
14  Plaintiff was found guilty of participating in the riot.  Chief Disciplinary Officer T. W. Steadman
15  approved this disposition.

16         On August 29, 2010, Plaintiff submitted an inmate appeal regarding the alleged due process
17  violations, and Associate Warden T. W. Steadman and Chief Deputy Warden K. Holland denied
18  Plaintiff's appeal, upholding a finding of guilt.

19         Plaintiff claims that as a result of being confined in Ad-Seg, he suffered psychological injury and
20  depression.  Plaintiff requests monetary damages and costs of suit.

21  **IV.    PLAINTIFF'S CLAIMS**

22         The Civil Rights Act under which this action was filed provides:

23                 Every person who, under color of [state law] . . . subjects, or causes to be
                   subjected, any citizen of the United States . . . to the deprivation of any
24                 rights, privileges, or immunities secured by the Constitution . . . shall be
                   liable to the party injured in an action at law, suit in equity, or other
25                 proper proceeding for redress.

26  42 U.S.C. § 1983.  "Section 1983 . . . creates a cause of action for violations of the federal Constitution
27  and laws."  Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations
28
                                                        3

1  omitted).  "To the extent that the violation of a state law amounts to the deprivation of a state-created

2  interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress."

3  Id.

4  　　　　To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under

5  color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law.

6  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).  "A person 'subjects' another to

7  the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative

8  act, participates in another's affirmative acts, or omits to perform an act which he is legally required to

9  do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th

10  Cir. 1978).  "The requisite causal connection can be established not only by some kind of direct, personal

11  participation in the deprivation, but also by setting in motion a series of acts by others which the actors

12  knows or reasonably should know would cause others to inflict the constitutional injury."  Johnson at

13  743-44).

14  　　　　**A.**　　　**Supervisory Liability**

15  　　　　Plaintiff seeks to hold defendants Steadman and Holland liable in their capacity as supervisors.

16  Under section 1983, Plaintiff must demonstrate that each defendant *personally* participated in the

17  deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis added).

18  Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated

19  Plaintiff's constitutional rights.  Iqbal, 556 U.S. at 676.  Liability may not be imposed on supervisory

20  personnel under section 1983 on the theory of respondeat superior, as each defendant is only liable for

21  his or her own misconduct.  Id.; Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009).  A

22  supervisor may be held liable only if he or she "participated in or directed the violations, or knew of the

23  violations and failed to act to prevent them."  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord

24  Starr v. Baca, 652 F.3d 1202, 1205-06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir.

25  2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007);

26  Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).  Therefore, Plaintiff fails to state a claim

27  against defendants Steadman, Holland, or any other defendant, in their supervisory capacity.

28

4

1

**B.     Due Process**

2        Plaintiff claims that his rights to due process were violated during disciplinary proceedings.The

3  Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of life, liberty,

4  or property without due process of law.   Wolff v. McDonnell, 418 U.S. 539, 556, 94 S.Ct. 2963 (1974).

5  In order to state a cause of action for deprivation of procedural due process, a plaintiff must first

6  establish the existence of a protected interest.

7        Liberty interests may arise from the Due Process Clause itself or from state law.   Hewitt v.

8  Helms, 459 U.S. 460, 466-68 (1983).   With respect to liberty interests arising from state law, the

9  existence of a liberty interest created by prison regulations is determined by focusing on the nature of

10  the deprivation.   Sandin v. Conner, 515 U.S. 472, 481-84 (1995).   Liberty interests created by prison

11  regulations are limited to freedom from restraint which "imposes atypical and significant hardship on

12  the inmate in relation to the ordinary incidents of prison life."   Id. at 484.

13        The Due Process Clause itself does not confer on inmates a liberty interest in avoiding "more

14  adverse conditions of confinement."   Id.   The Due Process Clause itself does not confer on inmates a

15  liberty interest in being confined in the general prison population instead of administrative segregation.

16  See Hewitt, 459 U.S. at 466-68; see also May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997) (convicted

17  inmate's due process claim fails because he has no liberty interest in freedom from state action taken

18  within sentence imposed and administrative segregation falls within the terms of confinement ordinarily

19  contemplated by a sentence) (quotations omitted); Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000)

20  (plaintiff's placement and retention in the SHU was within range of confinement normally expected by

21  inmates in relation to ordinary incidents of prison life and, therefore, plaintiff had no protected liberty

22  interest in being free from confinement in the SHU) (quotations omitted).

23        "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of

24  rights due a defendant in such proceedings does not apply."   Wolff, 418 U.S. at 556.   With respect to

25  prison disciplinary proceedings, the minimum procedural requirements that must be met are: (1) written

26  notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the

27  time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact

28

finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. Id. at 563-71.  As long as the five minimum Wolff requirements are met, due process has been satisfied. Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994).  "Some evidence" must support the decision of the hearing officer. Superintendent v. Hill, 472 U.S. 445, 455 (1985).  The standard is not particularly stringent and the relevant inquiry is whether "there is *any* evidence in the record that could support the conclusion reached . . . ." Id. at 455-56 (emphasis added).

Plaintiff's Complaint fails to establish the existence of a protected liberty interest in remaining free from Ad-Seg.  To state a claim, Plaintiff must allege facts demonstrating that his confinement in Ad-Seg "impose[d] atypical and significant hardship on [Plaintiff] in relation to the ordinary incidents of prison life."  Moreover, Plaintiff has not established that he was not afforded the due process rights to which he was entitled.  Therefore, Plaintiff fails to state a cognizable claim for violation of his rights to due process based on his detention in Ad-Seg.  Plaintiff shall be granted an opportunity to file an amended complaint curing the deficiencies in this claim.

**C.   Personal Property**

Plaintiff alleges that his personal property was confiscated pending investigation.  Prisoners have a protected interest in their personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974).  However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n.13, 104 S.Ct. 3194 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422, 435-36, 102 S.Ct. 1148 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), "[a]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available," Hudson, 468 U.S. at 533.

California Law provides an adequate post-deprivation remedy for any property deprivations. See Cal. Gov't Code §§ 810-895; Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994).  California's Tort

1   Claims Act requires that a tort claim against a public entity or its employees be presented to the

2   California Victim Compensation and Government Claims Board, formerly known as the State Board of

3   Control, no more than six months after the cause of action accrues.  Cal. Gov't Code §§ 905.2, 910,

4   911.2, 945.4, 950-950.2 (West 2006).  Presentation of a written claim, and action on or rejection of the

5   claim are conditions precedent to suit.  State v. Superior Court of Kings County (Bodde), 32 Cal.4th

6   1234, 1245, 90 P.3d 116, 124, 13 Cal.Rptr.3d 534, 543 (2004); Mangold v. California Pub. Utils.

7   Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995).  To state a tort claim against a public employee, a plaintiff

8   must allege compliance with the Tort Claims Act.  State v. Superior Court, 32 Cal.4th at 1245, 90 P.3d

9   at 124, 13 Cal.Rptr.3d at 543; Mangold, 67 F.3d at 1477; Karim-Panahi, 839 F.2d at 627.

10      To the extent that Plaintiff alleges the confiscation of his property was unauthorized and

11  intentional, Plaintiff's remedy would be found under California law.  Plaintiff fails to show compliance

12  with the California Tort Claims Act, and therefore his property claim is not cognizable under federal or

13  state law.

14      **D.    Appeals Process**

15      To the extent that Plaintiff seeks to state a claim based on inadequate responses to his prison

16  appeals, he is unable to do so.  Defendants' actions in responding to Plaintiff's appeals, alone, cannot

17  give rise to any claims for relief under section 1983 for violation of due process.  "[A prison] grievance

18  procedure is a procedural right only, it does not confer any substantive right upon the inmates."  Buckley

19  v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill.

20  1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing

21  of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641,

22  647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v.

23  Adams, 855 F.2d 639, 640 (9th Cir. 1988).  "Hence, it does not give rise to a protected liberty interest

24  requiring the procedural protections envisioned by the Fourteenth Amendment."  Azeez, 568 F. Supp.

25  at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986).  Actions in reviewing a prisoner's

26  administrative appeal, without more, are not actionable under section 1983.  Buckley, 997 F.2d at 495.

27  ///

28                                              7

1    Thus, since he has neither a liberty interest, nor a substantive right in inmate appeals, Plaintiff fails to

2    state a cognizable claim for the processing and/or reviewing of his 602 inmate appeals.

3         **E.**      **Damages for Mental and Emotional Injuries - Physical Injury Requirement**

4         Plaintiff alleges that he suffered psychological distress and depression as a result of being housed

5    in Ad-Seg.  The Prison Litigation Reform Act provides that "[n]o Federal civil action may be brought

6    by a prisoner confined in jail, prison, or other correctional facility, for mental and emotional injury

7    suffered while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e).  The

8    physical injury "need not be significant but must be more than de minimis."  Oliver v. Keller, 289 F.3d

9    623, 627 (9th Cir. 2002) (back and leg pain and canker sore de minimis); see also Pierce v. County of

10   Orange, 526 F.3d 1190, 1211-13 (9th Cir. 2008) (bladder infections and bed sores, which pose

11   significant pain and health risks to paraplegics such as the plaintiff, were not de minimis).  The physical

12   injury requirement applies only to claims for mental or emotional injuries and does not bar claims for

13   compensatory, nominal, or punitive damages.  Id. at 630.  Thus, Plaintiff is advised that he may not

14   recover damages for emotional distress unless he shows prior physical injury.

15   **V.      CONCLUSION AND ORDER**

16        The Court finds that Plaintiff's Complaint fails to state any cognizable claims upon which relief

17   may be granted under § 1983.  Therefore, the Complaint shall be dismissed for failure to state a claim,

18   with leave to amend.

19        Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given

20   when justice so requires.'"  The Court will provide Plaintiff with time to file an amended complaint

21   curing the deficiencies identified above.  Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir.2000).

22   Plaintiff is granted leave to file an amended complaint within thirty days.

23        The amended complaint should be brief, but must state what each named defendant did that led

24   to the deprivation of Plaintiff's constitutional or other federal rights.  Fed. R. Civ. P. 8(a); Iqbal, 556

25   U.S. at 676;  Jones, 297 F.3d at 934.  As discussed above, there is no respondeat superior liability, and

26   each defendant is only liable for his or her own misconduct.  Iqbal,  556 U.S. at 676.  Plaintiff must set

27   forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'"  Id. at 678 (quoting

28                                                          8

1   <u>Twombly</u>, 550 U.S. at 555).  Plaintiff must also demonstrate that each defendant *personally* participated

2   in the deprivation of his rights.  <u>Jones</u>, 297 F.3d at 934 (emphasis added).

3          Plaintiff should note that although he has been given the opportunity to amend, it is not for the

4   purpose of adding new defendants relating to issues arising after June 14, 2012.  In addition, Plaintiff

5   should take care to include only those claims that have been exhausted prior to the initiation of this suit

6   on June 14, 2012.

7          Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, <u>Lacey</u>

8   <u>v. Maricopa County</u>, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be complete in itself

9   without reference to the prior or superceded pleading.  Local Rule 220. Therefore, in an amended

10  complaint, as in an original complaint, each claim and the involvement of each defendant must be

11  sufficiently alleged.  The amended complaint should be clearly and boldly titled "First Amended

12  Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

13         Based on the foregoing, it is HEREBY ORDERED that:

14     1.    Plaintiff's Complaint, filed on June 14, 2012, is DISMISSED for failure to state a claim,

15           with leave to amend;

16     2.    The Clerk's Office shall send Plaintiff a civil rights complaint form;

17     3.    Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a First

18           Amended Complaint curing the deficiencies identified by the Court in this order;

19     4.    Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to

20           the case number 1:12-cv-00961-GSA-PC; and

21     5.    If Plaintiff fails to comply with this order, this action will be dismissed for failure to state

22           a claim upon which relief may be granted.

23

24      IT IS SO ORDERED.

25   **Dated:   February 20, 2013**                    **/s/ Gary S. Austin**

26                                           UNITED STATES MAGISTRATE JUDGE

27

28                                    9