IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE ELLIOTT COTTLE, | 1:12-cv-00961-GSA (PC) |
| Plaintiff, | |
| vs. | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |
| D. RANDALL, et al., | |
| Defendants. | ( #12) |

On March 13, 2013, Plaintiff filed a motion seeking the appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

-1-

1  In the present case, The Court does not find the required exceptional circumstances. At this early stage in the proceedings, the court cannot make a determination that Plaintiff is likely to succeed on the merits. Plaintiff's Complaint was dismissed on February 20, 2013 for failure to state a claim, with leave to amend. To date, Plaintiff has not filed an amended complaint. Thus, there is no complaint on record in this case for which the Court has found cognizable claims. It is too early for service of process, and no other parties have yet appeared. Moreover, the Court does not find that Plaintiff cannot adequately articulate his claims or respond to the Court's orders. Plaintiff is advised that he is not precluded from renewing the motion for appointment of counsel at a later stage of the proceedings.

Therefore, for the foregoing reasons, Plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **March 14, 2013**                    /s/ **Gary S. Austin**
                                              UNITED STATES MAGISTRATE JUDGE