UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE ELLIOTT COTTLE, | 1:12-cv-00961-GSA-PC |
| Plaintiff, | ORDER DISMISSING CASE, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED UNDER § 1983 (Doc. 17.) |
| vs. | |
| D. RANDALL, et al., | |
| Defendants. | ORDER THAT THIS DISMISSAL IS SUBJECT TO THE "THREE STRIKES" PROVISION OF 28 U.S.C. § 1915(g) |
| | ORDER DIRECTING CLERK TO CLOSE CASE |

I.     **BACKGROUND**

Lawrence Elliott Cottle ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on June 14, 2012.  (Doc. 1.)

On June 29, 2012, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance.  (Doc. 6.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of

///

California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required.  Local Rule Appendix A(k)(3).

The court screened the Complaint pursuant to 28 U.S.C. § 1915A and entered an order on February 20, 2013, dismissing the Complaint for failure to state a claim, with leave to amend.  (Doc. 9.)  On May 15, 2013, Plaintiff filed the First Amended Complaint, which is now before the court for screening.  (Doc. 17.)

## II.    SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Iqbal 556 U.S. at 678.  While factual allegations are accepted as true, legal conclusions are not.  Id.  The mere possibility of misconduct falls short of meeting this plausibility standard.  Id. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

///

### III.    SUMMARY OF FIRST AMENDED COMPLAINT

Plaintiff is presently incarcerated at the California Substance Abuse Treatment Facility in Corcoran, California.   The events at issue in the First Amended Complaint allegedly occurred at the California Correctional Institution in Tehachapi, California, when Plaintiff was incarcerated there.   Plaintiff names as defendants Lieutenant D. Randall, Sergeant (Sgt.) G. Doser, T. W. Steadman (Associate Warden), K. Holland (Chief Deputy Warden), Captain R. Davis (Appeals Examiner), and D. Foston (Chief, Inmate Appeals Branch).   Plaintiff's factual allegations follow.

On June 17, 2010, during recreational yard recall, a group disturbance ensued involving several inmates fighting.   When the fighting erupted, Plaintiff was stationery in the area assigned by officers as a staging area for Plaintiff's building during yard recall.   When Plaintiff heard "Get down," he immediately got down in the concrete area directly in front of him, to avoid being mistaken as a combatant or being shot.   (First Amd Cmp, Doc. 17 at 4-5.)

Following the disturbance, all African-American inmates who were "down" in selected areas of the recreational yard were placed in restraints and escorted off the yard to be strip-searched and medically evaluated, to determine whether they were involved in the disturbance. Plaintiff was medically evaluated and cleared, with no injuries, redness, or swelling anywhere on his body.

All African-American inmates who were escorted off the yard were subsequently placed in administrative segregation (Ad-Seg), pending investigation.   Plaintiff was unjustly placed in Ad-Seg from June 17, 2010 until November 30, 2010.

On July 8, 2010, Plaintiff was issued a Rules Violation Report for participation in a riot, with Sgt. G. Doser named as the employee who reported that Plaintiff was observed striking other inmates in the head and upper torso, based on a review of a yard video recording of the riot.   On July 9, 2010, Plaintiff was allowed to personally review the video.   Despite Sgt. Doser's statement, Plaintiff is not in the video.

When Officer J. Duran (not a named defendant) introduced himself as an Investigative Employee, Plaintiff requested that the video recording and Sgt. Doser be present at the

disciplinary hearing.  On July 13, 2010, Officer Duran questioned Sgt. Doser to identify who Plaintiff was observed fighting with during the disturbance, and Sgt. Doser responded, "I would have to review the tape."  (First Amd Cmp at 6:13.)  Sgt. Doser never returned with an answer.

On July 30, 2010, a disciplinary hearing was conducted by Lt. D. Randall.  The core evidence relied on was the yard recording, allegedly implicating Plaintiff in the disturbance, and the alleged observation by Sgt. Doser.  In light of this fact, Plaintiff requested that Sgt. Doser be present at the disciplinary hearing, along with the yard video recording.  Sgt. Doser was present.  However, Lt. Randall refused to allow the video for Plaintiff's defense.  When Lt. Randall wrote his report, finding Plaintiff guilty, he purposely left out Plaintiff's request for the video to be present at the hearing.  Plaintiff was found guilty of participation in a riot and was placed in Ad-Seg.  Chief Disciplinary Officer T. W. Steadman approved this disposition, fully aware that Plaintiff was denied the core part of his defense.

On August 29, 2010, Plaintiff submitted an inmate grievance regarding the alleged due process violations.  On October 13, 2010 and October 14, 2010, defendants Steadman and Holland denied Plaintiff's appeal and upheld the finding of guilt, even though they acknowledged Plaintiff was not in the video recording of the riot.  Defendants Steadman, Holland, and Appeals Examiner R. Davis rubberstamped the findings, acting negligently and recklessly in disregard of the evidence.  Defendants Steadman and Holland incompetently failed to follow Title 15 of the California Code of Regulations.  As a result of the actions of defendants Steadman, Holland, Davis, and Foston, Plaintiff suffered anxiety, emotional distress, and retaliation.

Defendants Foston, Steadman, Holland, Randall, Doser, and Davis acted with deliberate difference towards Plaintiff's due process rights guaranteed under law, and Plaintiff's contract rights under Title 15.  Plaintiff suffered violation of his constitutional rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments.  Defendants' actions did not reasonably advance any legitimate correctional goal.

Plaintiff requests monetary damages, declaratory relief, and costs of suit.

///

4

**IV.     PLAINTIFF'S CLAIMS**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  "Section 1983 . . .  creates a cause of action for violations of the federal Constitution and laws."  Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).  "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress."  Id.

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  "The requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury."  Id. at 743-44.

**A.     Procedural Due Process**

The Due Process Clause protects prisoners from being deprived of liberty without due process of law.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought.  Liberty interests may arise from the Due Process Clause itself or from state law.  Hewitt v. Helms, 459 U.S. 460, 466-68 (1983).

5

The Due Process Clause itself does not confer on inmates a liberty interest in avoiding "more adverse conditions of confinement," or in being confined in the general prison population instead of administrative segregation.  Id.; see May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997) (convicted inmate's due process claim fails because he has no liberty interest in freedom from state action taken within sentence imposed and administrative segregation falls within the terms of confinement ordinarily contemplated by a sentence) (quotations omitted); Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000) (plaintiff's placement and retention in the SHU was within range of confinement normally expected by inmates in relation to ordinary incidents of prison life and, therefore, plaintiff had no protected liberty interest in being free from confinement in the SHU) (quotations omitted).

Under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation.  Sandin v. Conner, 515 U.S. 472, 481-84, 115 S.Ct. 2293 (1995).  Liberty interests created by state law are "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Id. at 484; Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

Plaintiff fails to establish the existence of a protected liberty interest in remaining free from Ad-Seg.  Therefore, Plaintiff fails to state a cognizable claim for violation of his rights to due process based on his detention in Ad-Seg.  Moreover, even if Plaintiff could establish a protected liberty interest, he has not alleged facts demonstrating that he was not afforded sufficient due process.

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply."  Wolff, 418 U.S. at 556. With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are:  (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when

permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. <u>Id.</u> at 563-71. As long as the five minimum <u>Wolff</u> requirements are met, due process has been satisfied. <u>Walker v. Sumner</u>, 14 F.3d 1415, 1420 (9th Cir. 1994). "Some evidence" must support the decision of the hearing officer. <u>Superintendent v. Hill</u>, 472 U.S. 445, 455 (1985). The standard is not particularly stringent and the relevant inquiry is whether "there is *any* evidence in the record that could support the conclusion reached . . . ." <u>Id.</u> at 455-56 (emphasis added).

Here, Plaintiff alleges that on July 30, 2010, a disciplinary hearing was held. Plaintiff does not claim, or allege facts demonstrating, that the five procedural requirements under <u>Wolff</u> were not met or that there was no evidence presented against him. Therefore, Plaintiff fails to state a due process claim for his detention in Ad-Seg.

## B.  **Improper Disciplinary Hearing**

Plaintiff alleges that defendant Lt. D. Randall, who conducted Plaintiff's disciplinary hearing, refused to allow Plaintiff to use video evidence to defend himself at the hearing, and when Lt. D. Randall wrote his report, he purposely left out Plaintiff's request for the video to be present at the hearing. Plaintiff alleges that his witness, Sgt. Doser, falsely implicated Plaintiff in the disturbance that was the subject of the hearing. Plaintiff also alleges that defendant T. W. Steadman, the Chief Disciplinary Officer, approved the finding of Plaintiff's guilt, fully aware that Plaintiff had been denied the core of his defense.

In <u>Edwards v. Balisok</u>, 520 U.S. 641, 644 (1997), the United States Supreme Court applied the doctrine articulated in <u>Heck v. Humphrey</u>, 512 U.S. 477, 487 (1994), to prison disciplinary hearings. In <u>Heck</u>, the Court held that a state prisoner's claim for damages for unconstitutional conviction or imprisonment is not cognizable under 42 U.S.C. § 1983 if a judgment in favor of plaintiff would necessarily imply the invalidity of his conviction or sentence, unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated. <u>Heck</u>, 512 U.S. at 487. In applying the principle to the facts of <u>Balisok</u>, the Court held that a claim challenging the procedures used in a prison disciplinary hearing, even if

such a claim seeks money damages and no injunctive relief, is not cognizable under § 1983 if the nature of the inmate's allegations are such that, if proven, would necessarily imply the invalidity of the result of the prison disciplinary hearing. Balisok, 520 U.S. at 646. Because such a challenge, if successful, would invalidate the duration of the inmate's confinement, it is properly brought as a habeas corpus petition and not under § 1983. Heck, 512 U.S. at 487; Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Here, Plaintiff's central allegation is that the charges against him were false. Such a claim necessarily implies the invalidity of Plaintiff's disciplinary conviction. Plaintiff does not allege that his disciplinary conviction has been reversed, expunged or otherwise invalidated. This claim should therefore be dismissed.

### C.      **Fourth Amendment/Personal Property Claim**

#### *Fourth Amendment*

The Fourth Amendment guarantees an individual's right to be secure in his person against unreasonable arrests, as well as against unreasonable searches of houses and seizures of papers and effects. U.S. Const. amend. IV. However, "[l]awful incarceration necessarily entails limitations upon many of the rights enjoyed by ordinary citizens," Taylor v. Knapp, 871 F.2d 803, 806 (9th Cir. 1989) (citing Hudson v. Palmer, 468 U.S. 517, 524, 104 S.Ct. 3194 (1984); Pell v. Procunier, 417 U.S. 817, 822, 94 S.Ct. 2800, 2804, 41 L.Ed.2d 495 (1974), and "[a]n inmate's fourth amendment rights are among the rights subject to curtailment," Taylor at 806. For example, it is well-settled that a state prisoner has no reasonable expectation of privacy in his cell and is not entitled to Fourth Amendment protection against unreasonable searches and seizures. See Hudson, 468 U.S. at 527-28; Nakao v. Rushen, 766 F.2d 410, 412 (9th Cir.1985).

Plaintiff alleges that when he was placed in Ad-Seg, "all [of his] personal property [was] confiscated, pending investigation." (First Amd Cmp at 5 ¶17.) Plaintiff also states that he "suffered a violation of his constitutional rights" under the Fourth Amendment. (Id. at 9 ¶31.) To the extent that Plaintiff seeks to state a claim under the Fourth Amendment based on the confiscation of his personal property, Plaintiff's claim fails. As discussed above, a state

///

prisoner is not entitled to Fourth Amendment protection against unreasonable searches and seizures.  Therefore, Plaintiff fails to state a Fourth Amendment claim.

### ***Personal Property***

Prisoners have a protected interest in their personal property.  <u>Hansen v. May</u>, 502 F.2d 728, 730 (9th Cir. 1974).  However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, <u>see</u> <u>Hudson v. Palmer</u>, 468 U.S. 517, 532, n.13, 104 S.Ct. 3194 (1984) (citing <u>Logan v. Zimmerman Brush Co.</u>, 455 U.S. 422, 435-36, 102 S.Ct. 1148 (1982)); <u>Quick v. Jones</u>, 754 F.2d 1521, 1524 (9th Cir. 1985), "[a]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available," <u>Hudson</u>, 468 U.S. at 533.

California Law provides an adequate post-deprivation remedy for any property deprivations. <u>See</u> Cal. Gov't Code §§ 810-895; <u>Barnett v. Centoni</u>, 31 F.3d 813, 816-17 (9th Cir. 1994).  California's Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues.   Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2013).  Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit.  <u>State v. Superior Court of Kings County (Bodde)</u>, 32 Cal.4th 1234, 1245, 90 P.3d 116, 124, 13 Cal.Rptr.3d 534, 543 (2004); <u>Mangold v. California Pub. Utils. Comm'n</u>, 67 F.3d 1470, 1477 (9th Cir. 1995).  To state a tort claim against a public employee, a plaintiff must allege compliance with the Tort Claims Act.  <u>State v. Superior Court</u>, 32 Cal.4th at 1245, 90 P.3d at 124, 13 Cal.Rptr.3d at 543; <u>Mangold</u>, 67 F.3d at 1477; <u>Karim-Panahi v. Los Angeles Police Dept.</u>, 839 F.2d 621, 627 (9th Cir. 1988).

Plaintiff alleges that his personal property was improperly confiscated, which indicates that the deprivation of property was intentional and unauthorized.  Thus, Plaintiff's remedy would be found under California law.  Plaintiff fails to show compliance with the California Tort Claims Act, and therefore his property claim is not cognizable under federal or state law.

**D.**     **Retaliation**

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  <u>Rhodes v. Robinson</u>, 408 F.3d 559, 567-68 (9th Cir. 2005) (quotation marks omitted); <u>accord</u> <u>Brodheim v. Cry</u>, 584 F.3d 1262, 1269 (9th Cir. 2009) and <u>Watison v. Carter</u>, 668 F.3d 1108, 1114-15 (9th Cir. 2012).

Plaintiff states that the violation of his rights "result[ed] in, among other things retaliation" and caused him to suffer "assessive (*sic*) retaliation/form(s) of reprisal(s)."  (First Amd Cmp at 8 ¶28, 9 ¶31.)  These statements, without more, are not sufficient to state a claim for retaliation.  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  <u>Iqbal</u>, 556 U.S. at 678.  Therefore, Plaintiff fails to state a claim for retaliation.

**E.**     **Deliberate Indifference – Eighth Amendment Claim**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement.  <u>Morgan v. Morgensen</u>, 465 F.3d 1041, 1045 (9th Cir. 2006).  Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.  <u>Hudson v. McMillian</u>, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted).  "An Eighth Amendment claim that a prison official has deprived inmates of humane conditions of confinement must meet two requirements, one objective and the other subjective."  <u>Allen v. Sakai</u>, 48 F.3d 1082, 1087 (9th Cir. 2010) cert. denied, 514 U.S. 1065 (1995).  First, the alleged deprivation must be, in objective terms, "sufficiently serious."  <u>Farmer v. Brennan</u>, 511 U.S. 825, 834, 114 S.Ct. 1970 (1994).  Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety."  <u>Id.</u> at 837; <u>Anderson v. County of Kern</u>, 45 F.3d 1310, 1313 (9th Cir. 1995).  To satisfy the subjective prong, a plaintiff must show more than

mere inadvertence or negligence.  Neither negligence nor gross negligence will constitute deliberate indifference.  <u>Farmer</u> at 833, & n. 4; <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976).  The <u>Farmer</u> court concluded that "subjective recklessness as used in the criminal law is a familiar and workable standard that is consistent with the Cruel and Unusual Punishments Clause" and adopted this as the test for deliberate indifference under the Eighth Amendment.  <u>Farmer</u> at 839-40.

Plaintiff states that defendants "acted with deliberate indifference towards plaintiff (sic) civil liberty(ies)/Due Process rights guaranteed by law. . . ."  (First Amd Cmp at 8 ¶29.)  Plaintiff's allegations in the First Amended Complaint do not support a claim for deliberate indifference against any of the defendants.  Plaintiff fails to allege facts showing that any of the defendants acted or failed to act, while knowing and deliberately disregarding a substantial risk of serious harm to Plaintiff.  Therefore, Plaintiff fails to state a claim for deliberate indifference under the Eighth Amendment.

**F.    State Law Claims**

Plaintiff brings claims for violation of Title 15 of the California Code of Regulations, violation of his contract rights, and negligence.  Plaintiff is informed that violation of state tort law, state regulations, rules and policies of the CDCR, or other state law is not sufficient to state a claim for relief under § 1983.  To state a claim under § 1983, there must be a deprivation of federal constitutional or statutory rights.  <u>See</u> <u>Paul v. Davis</u>, 424 U.S. 693 (1976).  Although the court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law.  <u>See</u> 28 U.S.C. § 1367.  In this instance, the Court fails to find any cognizable federal claims in the First Amended Complaint.  Therefore, Plaintiff's state law claims fail.

**G.    Tort Claims Act**

Plaintiff makes reference to the "Tort Claim Act" on the front page of the First Amended Complaint.  (First Amd Cmp at 1.)  To the extent that Plaintiff seeks to proceed under California's Tort Claims Act or the Federal Tort Claims Act, Plaintiff fails to state a cognizable claim.

California's Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues.   Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2013). Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit.  State v. Superior Court of Kings County (Bodde), 32 Cal.4th 1234, 1245, 90 P.3d 116, 124, 13 Cal.Rptr.3d 534, 543 (2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995).  To state a tort claim against a public employee, a plaintiff must allege compliance with the Tort Claims Act.  Bodde, 32 Cal.4th at 1245, 90 P.3d at 124, 13 Cal.Rptr.3d at 543; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir. 1988).  Plaintiff fails to show compliance with California's Tort Claims Act, and therefore he fails to state a claim under California's Tort Claims Act.

The Federal Tort Claims Act (FTCA) authorizes tort actions against the United States if the United States, *as a private person*, would be liable to the plaintiff under California tort law. United States v. Olson, 546 U.S. 43, 44, 126 S.Ct. 510, 511 (2005); Delta Savings Bank v. United States, 265 F.3d 1017, 1025 (9th Cir. 2001).  "The United States is the only proper defendant in a [Federal Tort Claims Act] action."  Lance v. United States, 70 F.3d 1093, 1095 (9th Cir. 1995) (citing Woods v. United States, 720 F.2d 1451, 1452 n.1 (9th Cir. 1983)).  A suit may not be instituted against the United States under the FTCA unless the claim is first presented to the appropriate federal agency and one of the following conditions is met: the claim is finally denied, or six months have passed without a final resolution having been made. 28 U.S.C. § 2675(a).  The claim presentation requirement is a jurisdictional prerequisite to bringing suit and must be affirmatively alleged in the complaint.  Gillispie v. Civiletti, 629 F.2d 637, 640 (9th Cir. 1980).  Plaintiff fails to name the United States as a defendant and fails to allege in his complaint that he presented a claim to the appropriate federal agency.  Plaintiff's allegation that he filed an inmate appeal does not satisfy the exhaustion requirement with respect to his FTCA claim.  Therefore, Plaintiff fails to state a claim under the FTCA.

///

1

### H.      Inmate Appeals Process

Plaintiff alleges that Defendants failed to respond properly to his inmate appeals. Defendants' actions in responding to Plaintiff's appeals, alone, cannot give rise to any claims for relief under section 1983 for violation of due process.  "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates."  Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment."  Azeez, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986).  Actions in reviewing a prisoner's administrative appeal, without more, are not actionable under section 1983.  Buckley, 997 F.2d at 495.  Thus, since he has neither a liberty interest, nor a substantive right in inmate appeals, Plaintiff fails to state a cognizable claim for the processing and/or reviewing of his 602 inmate appeals.

## V.      CONCLUSION AND ORDER

The Court finds that Plaintiff's First Amended Complaint fails to state any claims upon which relief can be granted under § 1983 against any defendant.  In this action, the court previously granted Plaintiff an opportunity to amend the complaint, with ample guidance by the court.  Plaintiff has now filed two complaints without alleging facts against any defendant which state a claim under § 1983.  The court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Therefore, **IT IS HEREBY ORDERED** that:

1.      Pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), this action is DISMISSED with prejudice for failure to state a claim upon which relief may be granted under § 1983;

2.    This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g).  <u>Silva v. Vittorio</u>, 658 F.3d 1090, 1098 (9th Cir. 2011); and

3.    The Clerk is directed to close this case.


IT IS SO ORDERED.

Dated:   __**January 27, 2014**__                    _____ **/s/ Gary S. Austin**
                                                                        UNITED STATES MAGISTRATE JUDGE